**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| MAIN STREET AMERICA<br>ASSURANCE COMPANY,<br><br>        Plaintiff,<br>v.<br><br>GROUP SEVEN SIXTEEN, LLC,<br>ATLANTA SOUTH COMMERCIAL<br>PROPERTIES, INC., THOMAS H.<br>ELLIS, DIGITAL MAMMOGRAPHY<br>SPECIALISTS – EAGLES<br>LANDING, LLC, RAJASHAKHER P.<br>REDDY, M.D., WOMEN'S<br>IMAGING SPECIALISTS – EAGLES<br>LANDING, LLC<br><br>        Defendants. | CIVIL ACTION FILE<br>NO. _____ |

**MAIN STREET AMERICA ASSURANCE COMPANY'S**
**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Main Street America Assurance Company ("MSA"), Plaintiff

in the above-style action, and files this Complaint for Declaratory Judgment against

Defendants Group Seven Sixteen, LLC ("Group Seven Sixteen"), Atlanta South

Commercial Properties, Inc. ("Atlanta South"), Thomas H. Ellis ("Ellis"), Digital

Mammography Specialists, Eagles Landing, LLC ("Digital Mammography"),

Rajashakher P. Reddy, M.D. ("Dr. Raja Reddy"), and Women's Imaging Specialists

– Eagles Landing, LLC ("Women's Imaging Specialists") (Group Seven Sixteen,

Atlanta South, Ellis, Digital Mammography, Dr. Raja Reddy, and Women's Imaging Specialists shall be referred to together at times herein as "Defendants"), showing this Honorable Court as follows:

1.

This is an action for declaratory judgment, brought pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 USC § 2201 to declare the rights and other legal relations surrounding questions of actual controversy that presently exist between Plaintiff MSA and Defendants.  As set forth herein, this action arises out of a lawsuit pending in the State Court of Henry County, Georgia styled *Digital Mammography Specialists – Eagles Landing, LLC v. Group Seven Sixteen, LLC, Atlanta South Commercial Properties, Inc., Thomas H. Ellis v. Rajashakher P. Reddy, M.D., Women's Imaging Specialists – Eagles Landing LLC* and bearing Civil Action No. SUCV2019003247 (the "Underlying Lawsuit").

2.

MSA is a Florida corporation with its principal place of business in Florida.

3.

Group Seven Sixteen is a Georgia Limited Liability Company with a principal office address of 115 Eagle Springs Drive, Stockbridge, GA 30281. The members of Group Seven Sixteen are citizens of Georgia. Group Seven Sixteen is also is a

defendant in the Underlying Lawsuit, which is pending in Henry County, such county which is within this Court's judicial district. Group Six Seventeen may be served through its registered agent, Sheryl Simpson-Jones, at 115 Eagle Springs Drive, Stockbridge, GA 30281.

4.

Atlanta South is a Georgia corporation with a principal office address of 1215 Eagles Landing Parkway, Suite 204, Stockbridge, GA 30281.  Atlanta South is also is a defendant in the Underlying Lawsuit, which is pending in Henry County, such county which is within this Court's judicial district.  Atlanta South may be served through its registered agent, Thomas H. Ellis, at 829 Fairways Court, Stockbridge, GA, 30281, USA.

5.

Ellis is the CEO, Secretary and CFO of Atlanta South and maintains a business address of 245 Country Club Drive, Suite 300D, Stockbridge, GA, 30281.  Ellis is a resident of the State of Georgia.  Ellis is also is a defendant in the Underlying Lawsuit, which is pending in Henry County, such county which is within this Court's judicial district.  Ellis may be served at his residence located at 196 Fox Drive, Jackson, Butts County, Georgia 30233-4003.

6.

Digital Mammography is a Georgia limited liability company that maintains a principal office address at P.O. Box 88719, Atlanta, GA 30356. Digital Mammography may be served via its registered agent, "Robins, III, CPA, Herbert E.", at 350 Country Club Dr., Ste. C, Stockbridge, GA, 30281, USA. Digital Mammography brought the Underlying Lawsuit in Henry County, Georgia, which is within this Court's judicial district.

7.

Dr. Raja Reddy is a resident of the State of Georgia and, if service is not otherwise acknowledged, may be personally served at his place of business known as Women's Imaging Specialists - Eagles Landing, LLC, located at 11675 Great Oaks Way, Suite 150, Alpharetta, GA, 30022, USA or his personal residence located at 285 Saddle Horn Circle, Roswell, Fulton County, Georgia, 30076. Dr. Raja Reddy is also is a third-party defendant in the Underlying Lawsuit, which is pending in Henry County, such county which is within this Court's judicial district.

8.

Women's Imaging Specialists is a Georgia limited liability company with a principal office address of 11675 Great Oaks Way, Suite 150, Alpharetta, GA, 30022, USA. Women's Imaging Specialists is also is a third-party defendant in the

4

Underlying Lawsuit, which is pending in Henry County, such county which is within this Court's judicial district.  Women's Imaging Specialist may be served through its registered agent, Sarah Barnett, at 11675 Great Oaks Way, Suite 150, Alpharetta, GA, 30022.

9.

Defendants Group Seven Sixteen, Atlanta South, Ellis, Digital Mammography, Dr. Raja Reddy, and Women's Imaging Specialists are subject to the jurisdiction of this Court.

10.

Venue in this action is proper pursuant to 28 U.S.C. § 1391.

11.

This Court has original jurisdiction over this action under the provisions of 28 USC § 1332, because it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is among citizens of different states.

# FACTUAL BACKGROUND

## The Policy

### 12.

MSA issued Policy number BPG3175F to Group Seven Sixteen, LLC for the period spanning April 22, 2016 through April 22, 2017 (the "Policy").  The Policy provides business liability coverage, subject to its terms, conditions, limitations, and exclusions.  A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

### 13.

The Policy's insuring agreement provides, in pertinent part:

**Section II- Liability**

**A. Coverages**

**1.  Business Liability**

> a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury", to which this insurance does not apply.

**Exhibit A**, Form BPM P 2 1207, Page 1 of 16.

14.

The Policy provides that it applies to "property damage" only if the "property damage" is caused by an "occurrence" and occurs during the Policy Period.  **Exhibit A**, Form BPM P 2 1207, Page 1 of 16.

15.

The Policy defines "property damage" as follows:

"Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

**Exhibit A**, Form BPM P 2 1207, Page 15 of 16.

16.

The Policy defines "occurrence" as "accident, including continuous or repeated exposure to substantially the same general harmful conditions." **Exhibit A**, Form BPM P 2 1207, Page 14 of 16.

17.

The Policy provides, in relevant part, that it does not apply to "property damage" "expected or intended from the standpoint of the insured." **Exhibit A**, Form BPM P 2 1207, Page 3 of 16.

18.

The Policy also provides that it applies to "personal and advertising injury" only if the "personal and advertising injury" was caused by an offense arising out of your business, but only if the offense was committed in the "coverage territory" during the policy period. **Exhibit A**, Form BPM P 2 1207, Page 1 of 16.

19.

The Policy defines "personal and advertising injury" as follows:

"Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.** False arrest, detention or imprisonment;

**b.** Malicious prosecution;

**c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.** Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.** The use of another's advertising idea in your "advertisement"; or

**g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement".

**Exhibit A**, Form BPM P 2 1207, Page 14 of 16.

20.

The Policy excludes coverage for "personal and advertising injury" "caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury.'" **Exhibit A**, Form BPM P 2 1207, Page 7 of 16.

21.

The Policy also provides that it does not apply to "personal and advertising injury" "[a]rising out of a breach of contract, except an implied contract used

another's advertising idea in your 'advertisement.'"   **Exhibit A**, Form BPM P 2

1207, Page 7 of 16.

## The Underlying Lawsuit

### 22.

On November 25, 2019, Digital Mammography filed suit in the Superior

Court of Henry County Georgia against its former landlord, Group Seven Sixteen

(MSA's Insured), Ellis (Group Seven Sixteen's property manager) and Atlanta

South (Ellis's company).  A copy of the Complaint filed in the Underlying Lawsuit

is attached hereto as **Exhibit B**.

### 23.

According to the Complaint, Dr. Raja Reddy formed Digital Mammography

in June 2008 to operate as a digital mammography clinic at 115 Eagles Spring Drive,

Stockbridge, Henry County Georgia (the "Premises"), which it did until September

2017.  In September of 2008, Dr. Raja Reddy transferred his ownership interest to

his sister, Manju Morrissey, M.D.  Dr. Raja Reddy was an independent contractor to

Digital Mammography at all relevant times.  *See* Complaint, **Exhibit B** at ¶6.

### 24.

Prior to transferring his ownership in Digital Mammography to his sister, Dr.

Raja Reddy entered into a lease agreement of the Premises on behalf of Digital

Mammography with Group Six Seventeen, which was originally set to run from September 1, 2008 and expire August 31, 2016 (the "Original Lease").  *See* Complaint, **Exhibit B** at ¶7.

25.

Group Six Seventeen and Digital Mammography agreed that the Premises would need to be renovated to accommodate the needs of Digital Mammography's medical practice and agreed to the terms of a buildout and a new lease term which would begin to run after the improvements were completed on January 20, 2009. Accordingly, Dr. Raja Reddy – on behalf of Digital Mammography – agreed to the terms of a First Lease Amendment whereby the rent would be increased from $4,200.00 to $5,180.00 per month and the term would run from January 20, 2009 to January 31, 2017 (the "First Amendment").   The First Amendment was never executed, although its terms were allegedly observed by the parties as Digital Mammography did not occupy the Premises until January 20, 2009 and the higher rental amount was charged and paid.  *See* Complaint, **Exhibit B** at ¶7.

26.

In the summer of 2016, Dr. Raja Reddy approached Group Seven Sixteen and its property manager – Ellis of Atlanta South – to discuss renewing the Original Lease on behalf of Digital Mammography.   The Complaint alleges that Dr. Raja

Reddy received a copy of the First Amendment and that Dr. Raja Reddy, Group Seven Sixteen, Ellis, and Atlanta South discussed the fact that the First Amendment was never signed but also discussed the fact that Digital Mammography and Group Six Seventeen had acted as though the First Amendment was in effect as they followed the lease term and rental rates set forth in the First Amendment.  *See* Complaint, **Exhibit B** at ¶¶ 8, 9.

27.

Dr. Raja Reddy allegedly eventually told Group Seven Sixteen, Ellis, and Atlanta South that Group Seven Sixteen's new tenant would be a different company than Digital Mammography and that his family members that owned Digital Mammography might be "extremely upset" with Dr. Raja Reddy for entering into a new lease of the Premises on behalf of a different company.  In response, Defendants Ellis and Atlanta South insisted that any new lease be accompanied by an indemnification agreement whereby Dr. Raja Reddy and his new company, Women's Imaging Specialists, would indemnify Group Seven Sixteen from any claims from Digital Mammography.  *See* Complaint, **Exhibit B** at ¶10.

28.

Dr. Raja Reddy signed a lease for the Premises (then occupied by Digital Mammography) with Group Seven Sixteen on behalf of Women's Imaging

Specialists ("New Lease").  The New Lease had a commencement date of September

1, 2016 – one day after the expiration of the term of the Original Lease but five

months before the expiration of the term of the First Amendment to the Original

Lease.  *See* Complaint, **Exhibit B** at ¶11.

29.

On September 1, 2016, counsel for Women's Imaging Specialists sent Digital

Mammography a letter informing Digital Mammography that it was no longer the

rightful tenant of the Premises and forbade Digital Mammography from entering or

accessing the Premises.  Digital Mammography alleges that Dr. Raja Reddy and

Women's Imaging Specialists proceeded to take over Digital Mammography's

business and began using its office space, clinical space, phone number, medical

equipment, computer equipment, software, patient files, and patient records as if

they belonged to Women's Imaging Specialists.  *See* Complaint, **Exhibit B** at

¶¶12,13.

30.

Digital Mammography alleges that Group Seven Sixteen, Ellis, and Atlanta

South: (1) conspired with Dr. Raja Reddy to breach the Original Lease and the First

Amendment to the Original Lease; and (2) assisted Dr. Raja Reddy in taking over

Digital Mammography's entire business, including its rental space, assets, computer

13

records, patient records, medical equipment, directly and proximately causing Plaintiff to lose its property and substantial business.  *See* Complaint, **Exhibit B** at ¶14.

31.

Digital Mammography further alleges that it was wrongfully dispossessed of the Premises, which it legally occupied per the terms of the First Amendment to the Original Lease and that the method of evicting Digital Mammography violated the terms of the Original Lease.  *See* Complaint, **Exhibit B** at ¶15.

32.

The Complaint in the Underlying Lawsuit asserts seven causes of action: Breach of Contract, Wrongful Eviction, Conspiracy to Trespass, Breach of Covenant of Quiet Enjoyment, Civil Conspiracy to Breach Fiduciary Duty, Punitive Damages and Attorney's Fees.  *See generally* Complaint, **Exhibit B**.

**MSA's Reservation of Rights**

33.

Although MSA has serious questions as to whether the claims in the Underlying Lawsuit are covered by the Policy, MSA agreed to provide Group Seven Sixteen with a defense to the Underlying Lawsuit under a complete reservation of rights – including the right to file a petition for declaratory judgment – on December

14

23, 2019.  A copy of MSA's December 23, 2019 Reservation of Rights Letter is attached hereto as **Exhibit C**.

## Third-Party Complaint Filed By Group Seven Sixteen

34.

On March 17, 2020, Group Seven Sixteen filed a Third-Party Complaint against Dr. Raja Reddy and Women's Imaging Specialists for indemnification and contribution with regard to the claims brought by Digital Mammography against Group Seven Sixteen in the Underlying Lawsuit.   A copy of the Third-Party Complaint is attached hereto as **Exhibit D**.

35.

In its Third-Party Complaint, Group Seven Sixteen seeks indemnification pursuant to the terms of an indemnification agreement (the "Indemnification Agreement"), which is attached to the Third-Party Complaint as Exhibit A.  Group Six Seventeen alleges that the Indemnification Agreement was executed by Dr. Raja Reddy as part of the consideration for the New Lease.  *See* Third-Party Complaint, **Exhibit D** at ¶11 and Exhibit A thereto.

36.

The Indemnification Agreement, executed on August 29, 2016 and attached to the Third-Party Complaint provides as follows:

WHEREAS Digital Mammography Specialists – Eagles Landing, LLC (the "Previous Tenant") previously leased the premises located at 115 Eagles Spring Drive, Suite 100, Stockbridge, GA 30281 (the "Premises") which said lease by its terms terminates on August 31, 2016; and

WHEREAS, Women's Imaging Specialists – Eagles Landing LLC now desires to lease the Premises as of September 1, 2016 and has entered a Lease Agreement with Group Seven Sixteen, LLC, Landlord, for the lease of such Premises;

NOW THEREFORE, Raja Reddy, individually, and Digital Mammography Specialists – Eagles Landing, LLC (sic) hereby agree to indemnify and hold Landlord harmless with respect to any claims made by Digital Mammography Specialists – Eagles Landing LLC against Landlord related to any purported rights of the Previous Tenant to use or occupy the Premises.

*See* Exhibit A to Third-Party Complaint, **Exhibit D**.

### COUNT I – Declaration that Any Coverage For "Property Damage" Under the Policy Is Barred Because Any Property Damage Was Not Caused By An Occurrence

### 37.

MSA incorporates paragraphs 1 through 36 as if fully set forth herein.

### 38.

The Policy's insuring agreement provides, in relevant part, that MSA will pay those sums that the insured becomes legally obligated to pay as damages because of "property damage" and defend the insured in any suit seeking such damages, provided the "property damage" is caused by an "occurrence."

16

39.

To the extent the allegations of the complaint do not constitute "property damage" as defined by the Policy, no coverage exists for "property damage."

40.

To the extent the allegations in the Complaint are deemed to constitute "property damage," any such property damage is not covered unless it was caused by an "occurrence" as defined by the Policy.

41.

The Policy defines occurrence as "accident, including continuous or repeated exposure to substantially the same general harmful conditions."  **Exhibit A**, Form BPM P 2 1207, Page 14 of 16.

42.

The Complaint in the Underlying Lawsuit does not allege any accident occurred.  Indeed, all of the allegations alleged in the Complaint in the Underlying Lawsuit pertain to the intentional and deliberate conduct of Group Seven Sixteen. The deliberate nature of Group Seven Sixteen's conduct as alleged in the Complaint is underscored by the allegations of civil conspiracy.  *See generally Complaint*, Exhibit B.

43.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that MSA may have its rights and duties under the Policy determined to avoid the possible accrual of damages.

44.

Because any "property damage" alleged in the Complaint was not caused by an "occurrence" as defined by the Policy, MSA seeks a declaration from this Court that it has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "property damage."[1]

## COUNT II – Declaration that Any Coverage for "Property Damage" Under the Policy Is Barred by The Expected or Intended Injury Exclusion

45.

MSA incorporates paragraphs 1 through 44 as if fully set forth herein.

46.

As set forth in Paragraph 13 above, the Policy specifically provides that it does not apply to "property damage" "expected or intended from the standpoint of the insured."  **Exhibit A**, Form BPM P 2 1207, Page 3 of 16.

---

[1] The Complaint in the Underlying Lawsuit does not allege any "bodily injury." *See generally Complaint*, **Exhibit B**.

47.

To the extent the allegations in the Complaint are deemed to constitute "property damage," any such "property damage" is not covered if the damage was expected or intended from the standpoint of Group Seven Sixteen.

48.

Based on the allegations in the Complaint and the existence of the Indemnification Agreement, Group Seven Sixteen expected or intended any alleged "property damage" that may have occurred.

49.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that MSA may have its rights and duties under the Policy determined to avoid the possible accrual of damages.

50.

Because any property damage alleged in the Complaint was expected or intended from the standpoint of MSA's insured, Group Seven Sixteen, MSA seeks a declaration from this Court that it has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "property damage."

## Count III - Declaration that Any Coverage for "Personal and Advertising Injury" Is Barred Because It Arises Out of A Breach of Contract

51.

MSA incorporates paragraphs 1 through 50 as if fully set forth herein.

52.

The Policy's insuring agreement provides, in relevant part, that MSA will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" and defend the insured in any suit seeking such damages, provided the insurance provided by the Policy applies.  The Policy provides that MSA "will have no duty to defend the insured against any 'suit' seeking damages for … 'personal and advertising injury' to which this insurance does not apply."  **Exhibit A**, Form BPM P 2 1207, Page 1 of 16.

53.

The Policy expressly provides that it does not apply to "personal and advertising injury" "[a]rising out of a breach of contract…" **Exhibit A**, Form BPM P 2 1207, Page 7 of 16.

54.

Here, all of Digital Mammography's claims against Group Seven Sixteen arise out of Group Seven Sixteen's alleged breaches of both the Original Lease and the Original Lease as amended by the First Amendment.

55.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that MSA may have its rights and duties under the Policy determined to avoid the possible accrual of damages.

56.

Because the personal and advertising injury alleged in the Complaint arises out of a breach of contract, MSA seeks a declaration from this Court that it has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "personal and advertising injury."

**COUNT IV – Declaration that Any Coverage for "Personal and Advertising Injury" Is Barred By The Exclusion Barring Coverage for Such Injury Caused By Or At the Direction of the Insured**

57.

MSA incorporates paragraphs 1 through 56 as if fully set forth herein.

58.

The Policy's insuring agreement provides, in relevant part, that MSA will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" and defend the insured in any suit seeking such damages, provided the insurance provided by the Policy applies.  The Policy provides that MSA "will have no duty to defend the insured against any 'suit'

seeking damages for … 'personal and advertising injury' to which this insurance does not apply."   **Exhibit A**, Form BPM P 2 1207, Page 1 of 16.

59.

The Policy expressly provides that it does not apply to "personal and advertising injury":

> Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury"

**Exhibit A**, Form BPM P 2 1207, Page 7 of 16.

60.

Based on the allegations in the Complaint and the existence of the Indemnification Agreement, Group Seven Sixteen may have caused or directed the personal and advertising injury alleged in the Underlying Lawsuit with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

61.

A controversy of a justiciable nature presently exists among the parties, which demands a declaration by the Court, so that MSA may have its rights and duties under the Policy determined to avoid the possible accrual of damages.

62.

To the extent the personal and advertising injury alleged in the Complaint was caused by or at the direction of Group Seven Sixteen with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury," MSA seeks a declaration from this Court that it has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "personal and advertising injury."

WHEREFORE, MSA prays as follows:

1. That this Court issue a declaration that MSA has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "property damage" because any "property damage" was not caused by an "occurrence" as defined by the Policy.

2. That this Court issue a declaration that MSA has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "property damage" because any "property damage" was expected or intended by Group Seven Sixteen.

3. That this Court issue a declaration that MSA has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "personal and advertising injury" because any and all

"personal and advertising injury" alleged in the Complaint arises out of a breach of contract.

4. That this Court issue a declaration that MSA has no duty to defend Group Seven Sixteen in the Underlying Lawsuit under that portion of the Policy providing coverage for "personal and advertising injury" because the personal and advertising injury alleged in the Complaint was caused by or at the direction of Group Seven Sixteen with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury."

5. That the Court grant such other further relief as it may deem equitable and just.

This 4th day of May, 2021.

Respectfully submitted,

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Kristin S. Tucker*
Stephen M. Schatz, Esq.
Georgia Bar No. 628840
Kristin Tucker
Georgia Bar No. 805833
***Attorneys for Plaintiff Main Street America Assurance Company***

1355 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 874-8800
Steve.schatz@swiftcurrie.com
kristin.tucker@swiftcurrie.com

## <u>CERTIFICATE OF FONT</u>

I hereby certify that the foregoing document was prepared in Times New Roman 14-point font in conformance with Local Rule 5.1C.

This 4th day of May, 2021.

SWIFT CURRIE MCGHEE & HIERS, LLP

*/s/ Kristin S. Tucker*
Stephen M. Schatz, Esq.
Georgia Bar No. 628840
Kristin Tucker
Georgia Bar No. 805833
***Attorneys for Plaintiff Main Street America Assurance Company***

1355 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 874-8800
Steve.schatz@swiftcurrie.com
kristin.tucker@swiftcurrie.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing MAIN

STREET AMERICA ASSURANCE COMPANY'S COMPLAINT FOR

DECLARATORY JUDGMENT with the Clerk of Court via CM/ECF File & Serve

which will automatically send email notification to all counsel of record.  I have also

made arrangements to serve Defendants at the following addresses:

Group Seven Sixteen, LLC
c/o Registered Agent Sheryl Simpson-Jones
115 Eagle Springs Drive
Stockbridge, GA 30281.

Atlanta South Commercial Properties, Inc.
c/o Registered Agent Thomas H. Ellis
829 Fairways Court
Stockbridge, GA, 30281, USA

Thomas H. Ellis
196 Fox Drive,
Jackson, Butts County, Georgia 30233-4003

Digital Mammography Specialists, Eagles Landing, LLC
c/o Registered Agent "Robins, III, CPA, Herbert E."
350 Country Club Dr., Ste. C,
Stockbridge, GA, 30281, USA

Rajashakher P. Reddy, M.D.
285 Saddle Horn Circle
Roswell, Fulton County, Georgia, 30076.

Women's Imaging Specialists – Eagles Landing, LLC
c/o Registered Agent Sarah Barnett
11675 Great Oaks Way, Suite 150,
Alpharetta, GA, 30022

This 4th day of May, 2021.

                                   SWIFT CURRIE MCGHEE & HIERS,
LLP

*/s/ Kristin S. Tucker*
Stephen M. Schatz, Esq.
Georgia Bar No. 628840
Kristin Tucker
Georgia Bar No. 805833
***Attorneys for Plaintiff Main Street
America Assurance Company***

1355 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 874-8800
Steve.schatz@swiftcurrie.com
kristin.tucker@swiftcurrie.com

4821-8843-3381, v. 2